**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Smith, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Sanderson Ford Incorporated, et al., <br><br> Defendants. | No. CV-20-00713-PHX-SPL <br><br> **ORDER** |

**I.   BACKGROUND**

Plaintiff Gregory Smith is allegedly disabled with Obsessive Compulsive Disorder (OCD) and Diastolic Dysfunction, and Plaintiff Brianna Smith is allegedly disabled with Attention Deficit Hyperactivity Disorder, OCD, and Tachycardia. (Doc. 14 at 2). On April 10, 2020, Plaintiffs filed a Complaint in this Court alleging Defendants, a car dealership, discriminated against them by failing to accommodate their disabilities. (Doc. 1). On November 23, 2020, Defendant Sanderson Ford Incorporated filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 19). Defendant argues the Complaint must be dismissed because Plaintiffs' claims are barred by the applicable two-year statute of limitations.

**II.   LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A

statute-of-limitations defense may be raised in a Rule 12(b)(6) motion if the running of the statute is apparent on the face of the complaint. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). Where a party alleges in a motion to dismiss that an action is barred under the statute of limitations, the Court's task is only to determine whether the claimant has pleaded facts that show it is time barred. *See Smith ex rel. Estates of Boston Chicken, Inc. v. Arthur Andersen L.L.P.*, 175 F.Supp.2d 1180, 1198 (D. Ariz. 2001).

The Court notes that Defendant Sanderson Ford Incorporated was terminated as a defendant on August 7, 2020, two weeks after it filed the instant Motion to Dismiss (Doc. 19). However, "[a] district court may *sua sponte* dismiss a complaint on statute-of-limitations grounds if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations because the court does not have subject matter jurisdiction over a claim which is time-barred." *Fishman v. D.P.S.*, No. CIV 07-0591-PHX-MEA, 2007 WL 1186546, at *2 (D. Ariz. Apr. 19, 2007) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984)) (overruled on other grounds); *see also Bigman v. United States*, No. CR-11-8156-PCT-JAT, 2017 WL 1957559, at *4 (D. Ariz. Apr. 13, 2017) ("The Court may raise the statute of limitations *sua sponte*, so long as it makes clear the application of the statute, provides the Movant the opportunity to respond, and makes clear the consequences of failing to respond."). Because the Motion to Dismiss raises legitimate issues as to this Court's subject matter jurisdiction, and because Plaintiffs have had an opportunity to respond to the arguments contained therein, the Court will consider the statute of limitations *sua sponte*.

### III.   ANALYSIS

Plaintiffs seek relief under Title II of the Americans with Disabilities Act ("ADA") and Arizona's Public Accommodation Law, Arizona Revised Statute 41-1492. (Doc. 14 at 10, 12-13). Title II of the ADA does not provide a statute of limitations period. "When Congress does not establish a limitations period for a federal cause of action, the 'general rule' is that we borrow the most analogous period from state law." *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (citing *N. Star Steel Co. v. Thomas*, 515 U.S.

29, 34 (1995)). "For purposes of statute of limitations, claims under Title II are treated like the personal injury claims of § 1983 and are thereby subject to Arizona's two year statute of limitations under A.R. S. § 12-542." *Houston v. Arizona State Bd. of Educ.*, No. CV-10-8160-PHX-GMS, 2012 WL 466474, at *6 (D. Ariz. Feb. 14, 2012), aff'd, 579 F. App'x 591 (9th Cir. 2014) (citing *Madden–Tyler*, 189 Ariz. at 469, 943 P.2d 822). Similarly, the statute of limitations on a claim brought under Arizona's Public Accommodation Law is two years. *See* Ariz. Rev. Stat. § 41-1492.08(C).

A cause of action accrues, and therefore the statute of limitations begins to run, "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks, citations, and alterations omitted). In other words, accrual "occurs when a plaintiff knows the fact and the cause of an injury." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Importantly, "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391.

Plaintiffs identify three instances in which Defendants allegedly failed to accommodate their disabilities. Specifically, Plaintiffs allege Defendants (1) did not allow Plaintiffs "to pick up Plaintiffs [sic] Ford F150 at the railyard" rather than the dealership, causing them "much emotional distress on the Plaintiffs [sic] disabilities"; (2) "failed to accommodate Smith" by not renting him a brand new F150 and instead, "out of meanness," "found the oldest and worst Ford F150 to try to rent to Smith," which had an "awful smell"; and (3) "sent Smith an [sic] discriminatory email Telling Smith to go to another dealership for his vehicle needs." (Doc. 14 at 4-10). According to Plaintiffs, these incidents all occurred in February and March of 2018. The initial Complaint was filed on April 10, 2020, more than two years after the incidents. (Doc. 1). Accordingly, Plaintiffs' claims are barred by the applicable statute of limitations.

Plaintiffs urge the Court to use "[t]he *last* date of discrimination by Defendants" as the date at which the cause of action began to accrue. (Doc. 24 at ¶ 4) (emphasis added). But that is not the law. It is immaterial that Defendants allegedly were, for a second time,

"not accommodating with the 2nd Ford F150 . . . **on April 12, 2018**." (Doc. 24 at 2) (emphasis in original). The only alleged act of discrimination that occurred on April 12, 2018 was identical to an act that occurred in March. Specifically, Plaintiffs allege that "[o]n March 26, 2018, [Defendants] sent Smith an [sic] discriminatory email Telling Smith to go to another dealership for his vehicle needs." (Doc. 14 at ¶ 26). Then Plaintiffs allege "[o]n April 12, 2018, [Defendants] sent an email [stating] 'As I said in my last note to you. You need to find another dealer for your new vehicle needs." (Doc. 14 at ¶ 28). Even if there were other identical acts of discrimination later, Plaintiffs were armed with sufficient facts to allege their discrimination claims in March of 2018. They failed to do so. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 19) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint (Doc. 14) is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action.

Dated this 25th day of January, 2021.

Honorable Steven P. Logan
United States District Judge

4